IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 13 2004

CLERK

GERALD G. COTTON,

    Plaintiff,

v.                                                                              No. CIV-04-0880 JB/KBM

TIM LEMASTER, WARDEN,
DAVID TRUJILLO, ASSOCIATE WARDEN,
STEVE RHOADS, UNIT MANAGER,
MICHAEL BACA, CORRECTIONAL OFFICER,
TINO MARTINEZ, CORRECTIONAL OFFICER,
LUCY SALAZAR, MENTAL HEALTH PROVIDER,
SGT. M. BACA,
JOE CHAVEZ, CORRECTIONAL OFFICER,
LT. TED REYNOLDS, ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaint. The Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $150.00. The Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about the Plaintiff's financial status, the Court finds that the Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The Court will grant the IFP motion, and, for the reasons stated below, will dismiss the Plaintiff's claims against most of the Defendants.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon

which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing the Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint names nine Defendants in the caption and identifies a tenth (Lt. Barela) under "Parties." The Plaintiff alleges that, in May 2004, corrections officials re-classified him and transferred him to the state penitentiary. Two weeks later he suffered chest pains and was promptly taken to an exam room. He then waited 35 to 45 minutes for transport to a medical facility. During that time, Defendant Joe Chavez, a correctional officer, put him in restraints and did nothing to alleviate his worsening condition. Medical staff administered nitroglycerin and oxygen to him while he waited. The Plaintiff later filed a grievance against Defendants Chavez, Martin Baca, and another correctional officer Lt. Ted Reynolds.

On the day he filed the grievance, officials moved the Plaintiff to a different housing unit. During the move, Defendant Michael Baca, a correctional officer, ordered the Plaintiff to push his own property cart while handcuffed, causing pain in his hands. Unidentified officers then began harassing him, labeling him a "rat" who complains about conditions and calling him "nigger." He sought mental health counseling and attended sessions with Defendant Lucy Salazar, a counselor.

The Plaintiff's other complaints include failure to provide hot food and unspecified retaliation by officers. Defendant David Trujillo, Associate Warden, did not respond to a letter the

2

Plaintiff wrote to him. In July, Defendants Salazar and Steve Rhoads, a unit manager, discussed the Plaintiff's complaints with him. Barela took a written statement from the Plaintiff about an officer who called him "the 'n' word." The Plaintiff contends that these conditions and actions caused him severe emotional distress. He seeks damages.

The Plaintiff's allegations do not support claims for relief against most of the named Defendants. First, the complaint contains no allegations against Defendants Tim LeMaster, Warden, Sgt. Martin Baca, Reynolds, or Tino Martinez, a correctional officer. Second, the allegations against Defendants Trujillo, Rhoads, Michael Baca, Barela, and Salazar do not support constitutional claims. The Plaintiff alleges that Defendants Trujillo, Rhoads, Barela, and Salazar did not respond to his complaints of misconduct by their subordinates or co-workers. These allegations fail to assert personal involvement by the Defendants in the constitutional violation, as § 1983 requires. A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). "To be liable, a superior must have 'participated or acquiesced in the constitutional deprivations of which complaint is made.' " *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (quoting *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976)). Last, the allegation that Michael Baca required the Plaintiff to push his own property cart, "hurting his hands," does not describe an Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (stating that a plaintiff must allege "conditions posing a substantial risk of serious harm"). The Court will dismiss the Plaintiff's claims against these Defendants.

**IT IS THEREFORE ORDERED** that the Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

3

**IT IS FURTHER ORDERED** that the Plaintiff is required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide the Plaintiff with two copies of the post-filing financial certificate, and the Plaintiff is directed to make the necessary arrangements to identify monthly payments by the civil action number on this order;

**IT IS FURTHER ORDERED** that the Plaintiff's claims against Defendants LeMaster, Trujillo, Rhoads, Barela, Michael Baca, Reynolds, Martinez, Martin Baca, and Salazar are DISMISSED; and the Clerk is directed to issue summons, with notice and waiver forms, for Defendant Chavez.

_____
UNITED STATES DISTRICT JUDGE