IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD G. COTTON,

    Plaintiff,

v.                                      No. CIV-04-0880 JB/KBM

TIM LEMASTER, WARDEN,
DAVID TRUJILLO, DEPUTY WARDEN,
JOE CHAVEZ, CORRECTIONAL OFFICER,
MARTIN BACA, SGT.,
TED REYNOLDS, LT.,
DONNA WRIGHT, HEALTH SERVICES
ADMINISTRATOR, ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's amended civil rights Complaint. The Court reviews the amended Complaint under the standards that the memorandum opinion and order entered September 13, 2004, describes and now dismisses the amended Complaint.

The amended Complaint alleges the same factual situation that the original Complaint described. The Plaintiff alleges that, in May 2004, he suffered chest pains and was promptly taken to an examination room. He then waited 35 to 45 minutes for transport to a medical facility. During that time, Defendant Joe Chavez, a correctional officer, put him in restraints and did nothing to

alleviate his worsening condition. Medical staff administered nitroglycerin and oxygen to him while he waited. By memorandum opinion and order entered September 13, 2004, the Court dismissed all of the Plaintiff's claims except those for denial of necessary medical treatment against Joe Chavez.

In the amended Complaint, the Plaintiff alleges he has discovered additional information about Defendants Baca, a sergeant, and Reynolds, a lieutenant. He alleges that these two Defendants delayed his transport to the prison infirmary because of security concerns. The amended complaint also seeks equitable relief.

Paragraph 9 of the Amended Complaint alleges that, when he alerted the control center officer of chest pains, the officer informed the Plaintiff that medical staff was assisting other inmates in other units. Nevertheless, an individual appeared within 3 or 4 minutes, offering assistance. *See* Amended Complaint ¶ 9, at 4. The Plaintiff was taken to the examination room in handcuffs. *See id.* ¶ 10, at 4. There, it was determined he needed to be taken to the infirmary. *See id.* ¶ 11, at 5.

Chavez came with restraints. *See id.* ¶ 14, at 5. Five or seven minutes passed before Chavez restrained and moved the Plaintiff to the exit door. *See id.* ¶ 14, at 5-6. Standing at the exit door, the Plaintiff asked: "What is going on?" *Id.* ¶ 14, at 6. Chavez stated: "There is nothing I can do until the yard is secured." *Id.*

Chavez and the Plaintiff remained at the exit door approximately 15 or 20 minutes before Baca arrived with medical staff. *See id.* ¶ 15, at 6. The doctor immediately rendered medical care. *See id.* ¶ 15, at 6-7. After the incident was over, the Plaintiff made inquiries regarding the situation and learned tht it was Reynolds' and Baca's call that stopped the transport to the prison infirmary. *See id.* ¶ 17, at 7. Because of the recreational yard being filled with inmates, the escorting to

2

infirmary could not be executed. *See id.* ¶ 18, at 7.

The Plaintiff has learned that the medical staff was waiting for security to transport to the infirmary. *See id.* ¶ 19, at 8. Once it was learned that security had determined that there would not be transportation to the infirmary, medical staff proceeded to where the Plaintiff was located. *See id.* Security overruled the decision to transport to the infirmary. *See id.* ¶ 20, at 8.

Under Eighth Amendment principles, the Plaintiff's allegations do not support claims against Defendants Baca and Reynolds. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. . . . Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Farmer v. Brennan*, 511 U.S. 825, 844-45 (1994). "The test requires both knowledge and disregard of possible risks, a mens rea on a par with criminal recklessness." *DeSpain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001) (citing *Farmer*, 511 U.S. at 836).

"[P]rison administrators are charged with the responsibility of ensuring the safety of the prison staff, administrative personnel, and visitors, as well as the 'obligation to take reasonable measures to guarantee the safety of the inmates themselves.'" *Whitley v. Albers*, 475 U.S. 312, 320 (1986) (quoting *Hudson v. Palmer*, 486 U.S. 517, 526-27 (1984)). "In this setting, a deliberate indifference standard does not adequately capture the importance of such competing obligations, or convey the appropriate hesitancy to critique in hindsight decisions necessarily made in haste, under pressure, and frequently without the luxury of a second chance." *Whitley v. Albers*, 475 U.S. at 320. *See DeSpain v. Uphoff*, 264 F.3d 965, 976 (10th Cir. 2001). A defendant's brief delay of medical treatment caused by institutional security concerns does not amount to criminal recklessness. *Cf.*

3

*Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (noting that prison security can be a factor in determining deliberate indifference). The Court will dismiss the Plaintiff's claims against Defendants Baca and Reynolds.

Furthermore, the amended Complaint indicates that the Plaintiff has not stated a claim against Defendant Chavez. In the original Complaint, the Plaintiff's allegations portrayed Defendant Chavez as causing the delay of treatment. The amended Complaint demonstrates that security concerns caused the delay, and that Defendants Baca and Reynolds directed the security hold. Defendant Chavez was their subordinate, acting on their orders. The Court will dismiss the Plaintiff's claims against Defendant Chavez.

The Plaintiff also reasserts supervisory claims against Defendants LeMaster and Trujillo, and brings a similar claim against newly-named Defendant Wright. In light of the dismissal of the underlying claims, the Court will dismiss these supervisory claims. *See Brown v. Gray*, 227 F.3d 1278, 1286 (10th Cir. 2000) (explaining that an underlying violation is an element of a supervisory claim). The Court will dismiss the Plaintiff's claims against these Defendants.

**IT IS THEREFORE ORDERED** that the Plaintiff's original and amended Complaints are DISMISSED with prejudice; all pending motions are DENIED as moot; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE

4